IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

HELEN B. THIBAULT,                :
                                           :
                Plaintiff,       :
                                           :
        v.                     :     C. A. No. 11-1080-MPT
                                           :
DELAWARE TECHNICAL &       :
COMMUNITY COLLEGE and     :
HARRINGTON RACEWAY, INC.,  :
                                         :
              Defendants.   :

**MEMORANDUM OPINION**

## I.    INTRODUCTION

The court now considers defendant Delaware Technical & Community College's ("Del. Tech.")  motion to dismiss the complaint and plaintiff, Helen Thibault's ("Thibault") motion to amend her complaint to add a claim against Del. Tech. under Title IX.  For the reasons set forth below, Del. Tech.'s motion to dismiss is denied and Thibault's motion for leave to amend her complaint to add a claim against Del. Tech. under Title IX is granted.

## II.    BACKGROUND

Thibault was enrolled in a blackjack training class offered by defendants, Harrington Raceway, Inc. ("Harrington") and Del. Tech. from December 8, 2010 through January 22, 2011.  Thibault claims this class was a pre-requisite to employment as a black jack dealer with Harrington.  Thibault further alleges during her training, she suffered unlawful sexual discrimination and harassment, was subjected to a hostile work

environment, and was unlawfully retaliated against due to her complaints of discrimination and sexual harassment.

Thibault originally filed her claim with the Equal Employment Opportunity Commission ("EEOC") and Delaware Department of Labor ("DDOL") on March 22, 2011 against both defendants alleging sexual harassment and retaliation.  On or about August 3, 2011, the EEOC issued a right to sue letter against Del. Tech. and subsequently on September 6, 2011, issued a right to sue letter against Harrington.  On November 3, 2011, Thibault filed this action.  Harrington filed an answer on January 6, 2012, while Del. Tech. responded with a motion to dismiss under FED. R. CIV. P. 12(b)(6) on January 10, 2012.

## III.   DISCUSSION

### A.   Motion to Dismiss

In analyzing a motion to dismiss under Rule12(b)(6), a review of Rule 8(a)(2) is necessary.  It requires a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  That standard "does not require 'detailed factual allegations,' but . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[1]  Thus, to survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2]  The purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide

---

[1] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Id.,* citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6).

the merits of the case.[3]  Evaluating a motion to dismiss under Rule 12(b)(6) requires the court to accept as true all material allegations of the complaint.[4]  "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[5]  A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[6]

    To survive a motion to dismiss under Rule 12(b)(6), however, the factual allegations must be sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[7]  A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond "labels and conclusions."[8]  Heightened fact pleading is not required:  rather "enough facts to state a claim to relief that is plausible on its face" must be alleged.[9]  The plausibility standard does not rise to a "probability requirement," but  requires "more than a sheer possibility that a defendant has acted unlawfully."[10]  Rejected are unsupported allegations, "bald assertions," or "legal conclusions."[11]  Further, "the tenet that a court

---

    [3] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).
    [4] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
    [5] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).
    [6] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).
    [7] *Twombly*, 550 U.S. at 555; *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).
    [8] *Twombly*, 550 U.S. at 555.
    [9] *Id.* at 570.
    [10] *Iqbal*, 129 S. Ct. at 1949.
    [11] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v.*

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[12]  Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss," which is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]  Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show that "' the pleader is entitled to relief,'" under Rule 8(a)(2).[14]  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."[15]

"Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" when reviewing a motion to dismiss.[16]  Rule 12(d) addresses the use of materials which are outside the pleadings in motions to dismiss under Rule 12(b)(6).  When such materials are presented, the motion is treated as one for summary judgment.  However, certain additional materials may be consider without converting the motion to dismiss into a motion for summary judgment.  Moreover, a court is not limited to the four corners of the complaint and may consider "matters incorporated by reference integral to the claim, items subject to judicial notice, matters of public record, orders [and] items appearing in

---

*Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).

[12] *Iqbal*, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

[13] *Id.* at 1950.

[14] *Id.*

[15] *Id.*

[16] *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993).

the record of the case."[17] A plaintiff is entitled to notice and a fair opportunity to respond

to any evidence the court might consider in its review of a motion to dismiss. Where a

plaintiff had such notice, however, it is proper for the court to consider that evidence.[18]

### 1. Employment under Title VII is Sufficiently Alleged

Del. Tech. asserts Thibault's complaint should be dismissed because it fails to

plead sufficient facts substantiating an employment relationship to trigger application of

Title VII. In her answering brief, Thibault points to 42 U.S.C. §2000e-2(d) (Title VII) that

affords protection against discrimination during training programs. In addition, Thibault

notes the EEOC Compliance Manual, 2-III(3), which states in pertinent part,

"[d]iscrimination against a participant in a . . . training program that is required prior to

employment, or that commonly leads to regular employment . . . constitutes

discrimination against an applicant for employment."[19] The Compliance Manual then

provides an example wherein "CP 3 is taking the course because she wants to learn

more about the subject matter covered by the training to help her obtain a position with

an employer other than Respondent. . . . CP 3 [is] covered by Title VII."

Del. Tech. argues this provision is inapplicable to the instant matter because

---

[17] *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citing 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2004)). Further,"exhibits attached to the complaint whose authenticity is unquestioned" may also be considered. 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2007).

[18] *Pension Benefit*, 998 F.2d at 1196-97 ("When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.") (internal citations omitted).

[19] EEOC Compliance Manual, 2-III Covered Parties, 3. Coverage of Training Program Applicants and Participants.

taking Thibault's position to its "logical conclusion" would make "every student of every college or university . . . an 'employee' of the school for purposes of Title VII."[20]  The court is not persuaded by Del. Tech.'s argument.

Although Thibault references the statute and the EEOC Compliance Manual provisions, she cites no cases which address whether the Del. Tech. training program is implicated by the Compliance Manual.  In addition, no caselaw within the Third Circuit has been located on this issue.  A single decision from the Middle District of Alabama found when a college offered a course that provided participants "unique access to employment opportunities" and "pursuit of employment in the . . . industry was a central and recurring component of the program," the college is an employment agency under Title VII even if it did not work solely with one employer."[21]  The college could be responsible for sexual harassment absent an actual employment relationship with the plaintiff when "employment assistance is one component of a multi-week on-site training program operated by the agency."[22]

In viewing all of the facts in the light most favorable to Thibault, her complaint alleges as a precondition of her employment with Harrington, she was required to attend a training class at Del. Tech.  Del. Tech. confirms this requirement in its answer to the Charges of Discrimination filed with the DDOL.[23]  Upon successful completion of the training class, students were eligible for employment with Harrington.  While Del. Tech.

---

[20] D.I. 11 at 2.
[21] *Wilborn v. S. Union State Cmty. College*, 720 F. Supp. 2d 1274, 1292 (M.D. Ala. 2010).
[22] *Id.* at 1294.
[23] D.I. 10 at Ex. 2.

claims no guarantee of employment was offered at the completion of the class, it does not dispute the successful completion of the course was a prerequisite for employment with Harrington.  Therefore, in accordance with the EEOC Compliance Manual and the holding of *Wilborn*, Del. Tech. could be considered an employer under Title VII.

### 2.    Responsibility is Adequately Alleged

As a second argument, Del. Tech. contends it is not a viable defendant because it did not employ the instructor, Neil Clements ("Clements"), who Thibault alleges harassed her during the training course.  Del. Tech. argues it had no control over Clements and cannot be liable for his unlawful conduct.  This argument requires the court to weigh facts and determine whether Thibault will ultimately prevail in her claim. At this juncture, the court's role in deciding a Rule 12(b)(6) motion to dismiss is whether, accepting all allegations as true, the complaint states a claim under which relief can be granted.  Thibault alleges Clements was the course instructor, who engaged in sexually harassing behavior, which detrimentally affected her, and the behavior was reported to Del. Tech.  Del. Tech.'s answer to Thibault's Charge of Discrimination states "despite Charging Party's failure to comply with the College's procedure for sexual harassment complaints, the College took immediate action barring Mr. Clements from participating in future training programs associated with the College."[24]  The answer further provides "the College informed Harrington that [Clements] could not longer teach for the Games Training Program" and "[t]he College took action in a timely manner to end the inappropriate behavior as it became aware of the facts."[25]  These representations

---

[24] D.I. 10 at Exhibit 2.
[25] *Id.*

7

indicate Del. Tech. exercised some level of control over Clements and other employees of Harrington who taught classes on its campus, and allow a reasonable inference of an agency or employment relationship.

### B.   Thibault's Request to Amend her Complaint

The court ordinarily considers motions to amend the pleadings under Rule 15(a) which provides "leave shall be freely given when justice so requires."  Although the determination of whether to grant or deny a motion to amend is within the discretion of the court, under *Foman v. Davis*,[26] the Supreme Court has instructed leave to amend should be freely granted "in the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc."[27]

Generally, "[d]elay alone is not sufficient to justify denial of leave to amend."[28] The more dispositive factor in determining whether leave should be granted is prejudice to the non-moving party.[29]  In proving prejudice, the non-moving party "must do more than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the

---

[26] 371 U.S. 178 (1962).
[27] *Foman*, 371 U.S. at 182.  *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).
[28] *Arthur*, 434 F.3d at 204 (wherein the Third Circuit noted that "only one appellate court . . . has approved . . . denial of leave to amend based on a delay of less than one year."
[29] *Id.*

amendments been timely."[30]   Moreover, in assessing futility of a proposed amendment,

the same standard of legal sufficiency as under Rule 12(b)(6) is applied.[31]   An

amendment is futile when it fails to state a claim upon which relief may be granted.[32]

The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all

reasonable inferences therefrom are accepted as true.   Under Rule 12(b)(6), the court

does not and cannot weigh the facts, nor determine whether a party will ultimately

prevail.[33]   "Only where it is clear to the court . . . that a claim has no possibility of

succeeding on the merits, will the court disallow it by denying leave to amend."[34]

In this matter, Thibault requests leave to amend her complaint to include a count

under Title IX against Del. Tech.   In opposition, Del. Tech. does not claim undue

prejudice or being unfairly deprived of a right to present evidence.   Del. Tech. merely

asserts a Title IX claim "will suffer from the same dearth of factual support as the Title

VII claim."[35]   Del. Tech. requests if the court grants leave to amend that Thibault be

required to affirmatively provide, the names of college personnel with whom she

communicated complaints about Clements, when and how she presented such

complaints, and a description of what she reported."[36]

---

[30] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands*, 663 F.2d 419,426 (3d. Cir. 1981); *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987).
[31] *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).
[32] *See In re Merck & Co., Inc.*, 493 F.3d 393, 400 (3d. Cir. 2007).
[33] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).
[34] *Agere Systems Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002).
[35] D.I. 11 at 4.
[36] *Id.* at 5.

In the absence of any undue prejudice or evidence of the application of the other factors under *Foman*, Thibault's leave to amend will be granted.  Although the court is not inclined at this stage to mandate what information is necessary to state an adequate claim, similar information requested by Del. Tech. would appear to insulate the amendment from a future motion under Rule 12(b)(6).

## III.     CONCLUSION

For the reasons stated above, Del. Tech.'s motion to dismiss Thibault's complaint is denied.  Thibault's request for leave to amend her complaint is granted. Her amended complaint, solely to add a claim against Del. Tech. under Title IX, shall be filed within thirty days.

<strong><u>JUDGMENT ORDER</u></strong>

Consistent with the findings herein,

IT IS ORDERED and ADJUDGED that defendant Delaware Technical & Community College's motion to dismiss the Complaint (D.I. 8) is DENIED.

Plaintiff's request for leave to amend her Complaint (D.I.10) is GRANTED.

Plaintiff shall file an amended complaint solely to add a claim under Title IX against defendant Delaware Technical & Community College on or before **July 11, 2012**.

Dated: June 8, 2012                          (s) Mary Pat Thynge
                                             UNITED STATES MAGISTRATE JUDGE